**Juana Hernandez TOLENTINO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70949.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 25, 2011.

Robert Francis Jacobs, Esquire, Jacobs & Vega, PLC, Santa Fe Springs, CA, for Petitioner.

Jesse Matthew Bless, OIL, Ana T. Zablah–Monroe, Esquire, Trial, David V. Ber-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

nal, Assistant Director, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

## MEMORANDUM **

Juana Hernandez Tolentino, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's order denying her motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for abuse of discretion the denial of a motion to reopen, *Ghahremani v. Gonzales*, 498 F.3d 993, 997–99 (9th Cir.2007), and we deny the petition for review.

The agency did not abuse its discretion in denying Tolentino's motion to reopen because she filed her motion more than three years after the final removal order, *see* 8 C.F.R. § 1003.23(b)(1), and Tolentino did not establish that she acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (stating that equitable tolling is available where "petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

In light of our disposition, we do not reach Tolentino's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).